# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KALDREN LLC<br><br>    Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION<br><br>    Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kaldren LLC ("Kaldren" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint for Patent Infringement against Defendant Edwards Lifesciences Corporation ("Edwards"), on personal knowledge as to its own activities and on information and belief as to all other matters, follows:

### THE PARTIES

1. Kaldren is a Texas limited liability company with a principal office at 555 Republic Drive, Suite 289, Plano, Texas 75074-5481.

2. Edwards is a company organized under the laws of Delaware with its principal place of business located at One Edwards Way, Irvine, California 92614.

### JURISDICTION AND VENUE

3. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271 et al.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Edwards because it (either directly or through its subsidiaries, divisions, or groups) has sufficient minimum contacts with the forum as a result of business conducted within the State of Delaware; or specifically over Edwards (either

directly or through its subsidiaries, divisions, or groups) because of its infringing conduct within or directed at parties in the State of Delaware and, therefore, this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1400(b).

## THE PATENTS-IN-SUIT

7. On November 23, 2004, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 6,820,807 ("the '807 Patent"), entitled "Variable Formatting of Digital Data into a Pattern." A true and correct copy of the '807 Patent is attached as Exhibit 1 to this Complaint.

8. On October 9, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,281,999 ("the '999 Patent"), entitled "Variable Formatting of Digital Data into a Pattern." A true and correct copy of the '999 Patent is attached as Exhibit 2 to this Complaint.

9. Kaldren is the owner of all right, title, and interest in and to the '807 Patent and the '999 Patent (collectively, the "Patents-in-Suit"), including the right to assert all claims arising under the Patents-in-Suit, and the right to any and all remedies for the infringement of the Patents-in-Suit including the right to recover past damages.

10. Assignments for the Patents-in-Suit are duly recorded at the United States Patent and Trademark Office at Reel/Frame 041550/0316.

11. The '807 Patent and the '999 Patent are presumed valid under 35 U.S.C. §282(a).

## COUNT 1:  INFRINGEMENT OF THE '807 PATENT

12. Plaintiff incorporates by reference the above paragraphs.

13. Edwards used (including testing by Edwards) one or more products that infringe at least one Claim of the '807 Patent.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Edwards directly infringed at least Claims 12, 20, and 21 of the '807 Patent in this district and throughout the United States, literally or under the doctrine of equivalents, by using (including testing) its accused 2D bar code product ("Accused Product") as shown in Exhibit 3.

15. Claims 12, 20, and 21 are understandable to a person having ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16. A person having ordinary skill in the art understands Kaldren's theory of how Edwards's Accused Product infringes at least Claims 12, 20, and 21 upon a plain reading of this Complaint, its Exhibits, and the '807 Patent.

17. Kaldren reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint. Kaldren intends the claim charts for the '807 Patent (Exhibit 4) to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they are not Kaldren's preliminary or final infringement contentions or preliminary or final claim construction positions.

18. Edwards has directly infringed at least Claims 12, 20, and 21 of the '807 Patent, in this judicial district and elsewhere in the United States and Delaware, literally or under the doctrine of equivalents, by using, including testing, at least one of the Accused Products during the pendency of the '807 Patent (e.g., Claim 20 of the '807 Patent recites a method for retrieving an information resource, the method comprising: scanning a machine readable indicia comprising digital data values formatted into a two dimensional pattern; extracting an address of the information resource from the machine readable indicia; and retrieving the information resource for presentation to a user).

## COUNT 2: INFRINGEMENT OF THE '999 PATENT

19. Plaintiff incorporates by reference the above paragraphs.

20. Edwards and uses (including testing by Edwards) one or more products that infringed and continue to infringe at least one Claim of the '999 Patent.

21. Without license or authorization and in violation of 35 U.S.C. § 271(a), Edwards directly infringes at least Claims 1, 4, 5, and 8 of the '999 Patent in this district and throughout the United States and Delaware, literally or under the doctrine of equivalents, by using (including testing) its accused 2D bar code product ("Accused Product") as shown in Exhibit 5.

22. Claims 1, 4, 5, and 8 are understandable to a person having ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

23. A person having ordinary skill in the art understands Kaldren's theory of how Edwards's Accused Product infringes at least Claims 1, 4, 5, and 8 upon a plain reading of this Complaint, its Exhibits, and the '999 Patent.

24. Kaldren reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint. Kaldren intends the claim charts for the '999 Patent (Exhibit 6) to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they are not Kaldren's preliminary or final infringement contentions or preliminary or final claim construction positions.

25. Since at least the date that Edwards was served with a copy of this Complaint, Edwards has known that its Accused Product directly infringes at least Claims 1, 4, 5, and 8 of the '999 Patent.

26. Edwards has infringed, and continues to infringe, directly at least Claims 1, 4, 5, and 8 of the '999 Patent, in this judicial district and elsewhere in the United States and Delaware, literally or under the doctrine of equivalents, by using, including testing, at least one of the Accused Products during the pendency of the '999 Patent (e.g., Claim 8 of the '999 Patent recites a communication system comprising: processing means for decoding a machine-readable code formatted into a two dimensional pattern where that machine-readable code contains contact information, whereby the contact information is derived, imaging means for imaging a machine-readable code whereby the processing means decodes the image of the machine-readable code produced by the imaging means, and communicating means for communicating where said communicating means communicates using the contact information derived from the processing means).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kaldren respectfully requests that the Court:

A. Enter judgment that Edwards has infringed at least one claim of the '807 Patent literally or under the doctrine of equivalents;

B. Enter judgment that Edwards has infringed, infringes, and continues to infringe at least one claim of the '999 Patent literally or under the doctrine of equivalents;

C. Award Kaldren past and future damages as applicable, to be paid by Edwards in an amount adequate to compensate Kaldren for such past and future damages, together with pre-judgment and post-judgment interest for the infringement by Edwards of the '807 Patent and the '999 Patent throughout the periods of Edwards's respective infringement in accordance with 35 U.S.C. §284;

      D.      An accounting of all infringing sales including, but not limited to, those sales not presented at trial; and

      E.      Award Kaldren its costs, disbursements, attorneys' fees, and any such further and additional relief as is deemed appropriate by this Court.

## JURY DEMAND

Kaldren demands a trial by jury on all claims and issues so triable.

<table>
<tr><td>Dated: September 5, 2017</td><td>STAMOULIS & WEINBLATT LLC<br>*/s/Stamatios Stamoulis*<br>Stamatios Stamoulis #4606<br>stamoulis@swdelaw.com<br>Richard C. Weinblatt #5080<br>weinblatt@swdelaw.com<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809<br>(302) 999-1540<br><br>TOLER LAW GROUP, PC<br>Jeffrey G. Toler (*Pro Hac Vice* motion to be filed)<br>jtoler@tlgiplaw.com<br>Aakash S. Parekh (*Pro Hac Vice* motion to be filed)<br>aparekh@tlgiplaw.com<br>Craig S. Jepson (*Pro Hac Vice* motion to be filed)<br>cjepson@tlgiplaw.com<br>8500 Bluffstone Cove<br>Suite A201<br>Austin, TX 78759<br>(512) 327-5515<br><br>*Attorneys for Plaintiff*<br>*Kaldren LLC*</td></tr>
</table>